Harlan L. JACOBSEN, Editor/Publisher
of Solo, RFD, Plaintiff,

v.

Richard L. HOWARD, Secretary of the
State of South Dakota Transportation,
individually and in that capacity; Jeff
Holden, Director of South Dakota High-
way Safety and Motor Vehicles, individ-
ually and in that capacity, Defendants.

Civ. No. 94–4244.

United States District Court,
D. South Dakota,
Southern Division.

Nov. 6, 1995.

Harlan L. Jacobsen, Sioux Falls, SD, pro se.

Richard J. Helsper, Helsper & Rasmussen, Brookings, SD, for Defendants.

## MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

Harlan Jacobsen, appearing pro se, seeks a declaratory judgment that three South Dakota statutes prohibiting the placement of his newspaper vending machines at interstate rest areas in South Dakota violate the First Amendment and thus are unconstitutional facially and as applied. Jacobsen also seeks damages under 42 U.S.C. § 1983 for the removal, without due process, of his newspaper vending machine from the interstate rest area near Vermillion, South Dakota. He names as defendants Richard Howard, Secretary of the South Dakota Department of Transportation, and Jeff Holden, Director of the South Dakota Department of Highway Safety and Motor Vehicles. Both defendants are sued in their official and individual capacities. This Court has jurisdiction under 28 U.S.C. § 2201 and 28 U.S.C. § 1343(a)(3).

Before the Court for ruling are cross-motions for summary judgment. The Court must grant a party's motion for summary judgment if there are no genuine issues of material fact for trial and that party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The parties are in essential agreement as to the facts.

Jacobsen, of Sioux Falls, South Dakota, is the Editor and Publisher of Solo R.F.D., a newspaper for single adults. He distributes his newspapers primarily through vending machines, although he does maintain some mail subscriptions. Sometime in July 1991, Jacobsen placed a newspaper vending machine at the I–29 interstate rest area near

Vermillion, South Dakota.[1] In late July or early August 1991, Don Beeman, an independent contractor with the South Dakota Department of Transportation, removed the vending machine from the rest area and placed it in storage. Jacobsen then brought this action claiming a violation of his First Amendment rights.

Defendants have not analyzed separately Jacobsen's facial constitutional attack and his "as applied" constitutional challenge to the state statutes. They argue that Congress delegated to the states the authority to regulate vending machines at interstate rest areas, citing 23 U.S.C. § 111(b), which states:

Notwithstanding subsection (a), any State may permit the placement of vending machines in rest and recreation areas, and in safety rest areas, constructed or located on rights-of-way of the Interstate System in such State. Such vending machines may only dispense such food, drink, and other articles as the State highway department determines are appropriate and desirable. Such vending machines may only be operated by the State. In permitting the placement of vending machines, the State shall give priority to vending machines which are operated through the State licensing agency designated pursuant to section 2(a)(5) of the Act of June 20, 1936, commonly known as the "Randolph–Sheppard Act" (20 U.S.C. 107(a)(5)). The costs of installation, operation, and maintenance of vending machines shall not be eligible for Federal assistance under this title.

Defendants contend that, in accepting this delegated authority, the South Dakota Legislature enacted laws which prohibit the placement of any vending machines at interstate rest areas except for soft drink vending machines operated for the benefit of visually impaired vendors licensed by the Division of Service to the Visually Impaired. Those statutes are:

31–8–16. **Commercial establishment on right-of-way prohibited—Exception—Violation as misdemeanor.** No automotive service station or other commercial estab-lishment for serving motor vehicle users may be constructed or located within the right-of-way of, or on publicly owned or publicly leased land acquired or used for or in connection with a controlled-access highway. This section does not apply to a vending facility vending soft drinks only operated for the benefit of visually impaired vendors licensed by the division of service to the visually impaired. A violation of this section is a Class 2 misdemeanor.

31–29–83. **Commercial activities in rest areas or information centers not permitted—Exception.** Nothing in §§ 31–29–61 to 31–29–83, inclusive, authorizes the state or any political subdivision to operate or maintain, directly or indirectly, any commercial activity in any safety rest area or information center. This section does not apply to a vending facility vending soft drinks only operated for the benefit of visually impaired vendors licensed by the division of service to the visually impaired.

31–32–13. **Business requiring use of highway by customers as misdemeanor—Exceptions.** It is a Class 2 misdemeanor for any person to conduct an establishment or maintain a business the nature of which requires the use by patrons or customers of any part of the right-of-way of a state trunk highway while the patron or customer is receiving or discharging any merchandise or commodity at the place of business. This section does not apply to streets within the limits of municipalities which are under the control and regulation of the municipality. This section does not apply to a vending facility vending soft drinks only operated for the benefit of visually impaired vendors licensed by the Division of Service to the Visually Impaired.

Defendants argue that, pursuant to these statutes, no newspaper vending machines of any nature, including Jacobsen's, are permitted in an interstate rest area. They argue that South Dakota's blanket prohibition on commercial vending machines at interstate

---

1. The record does not disclose precisely where at the rest area Jacobsen placed this vending machine. The parties agree that the interstate rest area on I–29 is part of the Dwight D. Eisenhower National System of Interstate and Defense Highways. *See* 23 U.S.C. § 101(a).

rest areas, with only the congressionally-mandated exception for blind vendors under the Randolph–Sheppard Act, fully complies with federal law and does not violate Jacobsen's First Amendment rights, relying primarily on *Sentinel Communications Co. v. Watts,* 936 F.2d 1189 (11th Cir.1991) (holding that interstate rest area is nonpublic forum for purposes of First Amendment analysis). Defendants argue that the South Dakota statutes are subject only to review for their reasonableness and the statutes do not place an unreasonable restriction on Jacobsen's First Amendment rights.

Jacobsen "agrees an interstate rest area is a non-public forum[,]" (Doc. 13, Brief at 5), but he classifies the rest area sidewalk as a traditional public forum that should be treated in the same way as any other public sidewalk, particularly the sidewalks in front of the United States Supreme Court, citing *United States v. Grace,* 461 U.S. 171, 103 S.Ct. 1702, 75 L.Ed.2d 736 (1983), and in front of United States Postal Offices, citing *Jacobsen v. U.S. Postal Serv.,* 812 F.2d 1151 (9th Cir.1987), *appeal after remand,* 993 F.2d 649 (9th Cir.1992). He argues that state regulations cannot close a public forum sidewalk to all First Amendment activities and any such regulations must be subjected to strict scrutiny. He argues that First Amendment activities should be permitted if they do not interfere with the primary purpose of the facility, and his newspaper is fully compatible with and enhances the purpose of the rest area.

■ Title 23 U.S.C. § 111(b) is a delegating statute, granting states the authority to permit the placement of vending machines at interstate rest areas, but it does not purport to authorize any "type of scheme, discretionary or not, for the substantive regulation of vending machines at interstate rest areas." *Sentinel,* 936 F.2d at 1196. Once a state decides to permit placement of vending machines at interstate rest areas, however, the state must give priority to blind vendors under the Randolph–Sheppard Act. *Id.*

■ Because the state statutes at issue prohibit the placement of any newspaper vending machines at interstate rest areas, the Court concludes that the statutes are facially unconstitutional under the First Amendment overbreadth doctrine, regardless of whether an interstate rest area is a traditional public forum, a designated forum, or a nonpublic forum. *See Board of Airport Commissioners v. Jews for Jesus, Inc.,* 482 U.S. 569, 573, 107 S.Ct. 2568, 2571, 96 L.Ed.2d 500 (1987). "Under the First Amendment overbreadth doctrine, an individual whose own speech or conduct may be prohibited is permitted to challenge a statute on its face 'because it also threatens others not before the court—those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid.'" *Id.* at 574, 107 S.Ct. at 2572. The Court may invalidate a statute on its face, however, only if the overbreadth is "'substantial.'" *Id.* A realistic danger must exist that the statute will significantly compromise recognized First Amendment protections of parties who are not before the Court. *Id.*

■ The right to distribute and circulate newspapers through the use of vending machines is protected First Amendment activity. *Miami Herald Pub. Co. v. City of Hallandale,* 734 F.2d 666, 673 (11th Cir.1984). The three state statutes at issue here, S.D.Codified Laws Ann. §§ 31–8–16, 31–29–83, and 31–32–13, facially sweep within their ban on commercial use of interstate rest areas all newspaper vending machines, including Jacobsen's, and, by prohibiting all such protected expression, the statutes purport "to create a virtual 'First Amendment Free Zone'" at interstate rest areas. *See Jews for Jesus, Inc.,* 482 U.S. at 574, 107 S.Ct. at 2572 (emphasis in original). The statutes do not recognize that "[n]ewspapers are in the business of expression, while soda vendors are in the business of selling soft drinks." *City of Lakewood v. Plain Dealer Publishing Co.,* 486 U.S. 750, 761, 108 S.Ct. 2138, 2146, 100 L.Ed.2d 771 (1988). The statutes' overbreadth is substantial because there is a realistic danger that, in prohibiting all newspaper vending machines at interstate rest areas, these statutes significantly compromise recognized First Amendment protections of parties other than Jacobsen who

are not before the Court. *See id.* Consequently, the Court holds that S.D.Codified Laws Ann. §§ 31–8–16, 31–29–83, and 31–32–13 are facially unconstitutional as overbroad because they prohibit the First Amendment protected activity of newspaper distribution at interstate rest areas.

■ Alternatively, the Court holds that the state statutes at issue are unconstitutional as applied. The Court concludes that the portion of the Eleventh Circuit's *Sentinel* opinion analyzing whether an interstate rest area is a traditional, designated, or nonpublic forum is well-reasoned and should be followed. The Eleventh Circuit observed that "[i]nterstate rest areas, like interstate highways, are relatively modern creations developed in conjunction with the federal government as part of the National System of Interstate and Defense Highways[.]" *Sentinel,* 936 F.2d at 1203. "The System is clearly one of limited access that cannot be altered without prior federal approval; automotive service stations, for example, as well as other commercial establishments for serving motor vehicle users, may not be constructed or located on rights-of-way of the Interstate System." *Id.* (citing 23 U.S.C. § 111(a)). Although Sentinel argued that an interstate rest area is a traditional public forum, the Eleventh Circuit rejected that argument in favor of the view that "safety rest areas are hardly the kind of public property that has 'by long tradition or by governmental fiat … been devoted to assembly and debate.'" *Sentinel,* 936 F.2d at 1203 (quoting *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45, 103 S.Ct. 948, 954, 74 L.Ed.2d 794 (1983)).

■ The Eleventh Circuit was unpersuaded by Sentinel's argument that the rest area should be treated like a traditional public forum because it resembles a city park, with grassy areas, restrooms, water fountains, parking areas, and picnic benches. *Id.* at 1203–04. As the appellate court noted, the mere physical characteristics of property cannot dictate forum analysis. *Id.* at 1204 (citing *United States v. Kokinda,* 497 U.S. 720, 727–28, 110 S.Ct. 3115, 3120, 111 L.Ed.2d 571 (1990) (plurality reasoning that postal service sidewalk, as distinguished from

adjacent municipal sidewalk, is nonpublic forum), and *Greer v. Spock,* 424 U.S. 828, 835–37, 96 S.Ct. 1211, 1216–17, 47 L.Ed.2d 505 (1976) (holding that streets and sidewalks on military base are nonpublic fora)). The Eleventh Circuit stated that, more importantly, despite the superficial resemblance between rest areas and parks, the government did not "intend to open the forum to the same panoply of activity permitted in the latter fora." *Sentinel,* 936 F.2d at 1204. Quoting from *A Guide on Safety Rest Areas for the National System of Interstate and Defense Highways,* AAASHO (1968), which is a publication recommended by the Federal Highway Administration for guidance in 23 C.F.R. § 625.5, the court observed that rest areas are provided as "a safety measure"; "with provisions for emergency stopping and resting by motorists for short periods[ ]"; designed for "short-time picnic use"; and parking of vehicles for "short periods." "They are not to be planned for use as local parks. Areas for family leisure picnics, active recreation, waterfront activities, or overnight camping are not to be developed as part of an Interstate highway." *Sentinel,* 936 F.2d at 1204.

The Eleventh Circuit observed that these guidelines diminish the similarity between an interstate rest area and a city park, and that government concerns for travel safety and rest were paramount in creating rest areas. *Id.* Although certain expressive activities occur at rest areas, the court held that the government had not dedicated rest areas to expressive activities, and thus had not opened these nontraditional fora to public discourse. *Id.* Holding that rest areas are nonpublic fora, the court held that any regulations restricting First Amendment rights should be reviewed only for reasonableness. *Id.*

Jacobsen urges the Court to consider whether the sidewalk running in front of the interstate rest area is a public forum, even if the remainder of the rest area is a nonpublic forum. The Eleventh Circuit in *Sentinel* considered the rest area to be a cohesive unit, which this Court concludes is the preferable approach. In the government building cases, the courts have distinguished in-

gress-egress sidewalks (nonpublic fora) from adjacent municipal sidewalks running parallel to streets (public fora), *see e.g., Kokinda,* 497 U.S. at 727, 110 S.Ct. at 3120; *Grace,* 461 U.S. at 179, 103 S.Ct. at 1708; *Jacobsen v. U.S. Postal Serv.,* 993 F.2d 649, 654 (9th Cir.1992), but that is because municipal sidewalks are quintessential public fora. If this case were to be analyzed as a government building case, the record is inadequate for the specific factual analysis of the location necessary in such cases. The government, like any private landowner, may preserve the property under its control for the use to which it is lawfully dedicated. *Sentinel,* 936 F.2d at 1201 (cited cases omitted). South Dakota, by statute, has reserved the interstate right-of-way and rest areas for the use to which they are lawfully dedicated—uninterrupted, safe travel—by prohibiting commercial activity that could detract from this use.

Nonetheless, South Dakota's ban on all commercial activity at interstate rest areas must still be reviewed for its reasonableness in prohibiting the constitutionally protected activity of newspaper distribution. The Court concludes that South Dakota's statutes are not reasonable because they completely prohibit, rather than regulate, First Amendment activity. Where statutes silence or restrain a channel of speech, the Court must ask whether some interest unrelated to speech justifies this silence. *See City of Lakewood,* 486 U.S. at 763, 108 S.Ct. at 2147. "[T]he question is whether 'the manner of expression is basically incompatible with the normal activity of a particular place at a particular time.'" *Id.* (quoting case omitted). The Court agrees with Jacobsen that distribution and reading of newspapers is compatible with the normal activity of an interstate rest area. The State's interests in meeting the safety, rest, and information needs of its interstate travelers are not jeopardized if newspaper publishers are permitted to engage in their constitutionally protected activities at interstate rest areas. Therefore, a total ban on such activity cannot be justified as reasonable. Other states have adopted broader statutes that do not raise the same constitutional problems that are present in the South Dakota statutes. *See*

*e.g.,* Minn.Stat. § 160.08 ("[V]ending machines may be placed in rest areas, tourist information centers, or weigh stations constructed or located within trunk highway rights-of-way."); Iowa Code § 306C.21 ("The department [of transportation] may establish or enter into agreements with private persons, firms, or corporations for the establishment of information centers in rest areas on the interstate ... subject to the approval of the appropriate authority of the federal government.") Especially considering the sparsity of population in most areas of South Dakota, there was no showing made of good alternate means of distribution or communication if this method were denied. *Cf. Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 53, 103 S.Ct. 948, 959, 74 L.Ed.2d 794 (1983).

Jacobsen fails to state a section 1983 claim against the named defendants, Howard and Holden. Jacobsen did not name as a defendant Don Beeman, even assuming that Beeman acted under color of state law as a state contractor when he removed Jacobsen's newspaper vending machine from the interstate rest area at Vermillion. Jacobsen has alleged no facts which, if proven, would establish that the named defendants were directly involved in the constitutional deprivation or that they failed to train or supervise Beeman. *See Tilson v. Forrest City Police Dept.,* 28 F.3d 802, 806 (8th Cir.1994) (supervisor may be held liable under § 1983 if he directly participated in the constitutional violation or if he failed to train or supervise the offending actor who caused the deprivation), *cert. denied,* —— U.S. ——, 115 S.Ct. 1315, 131 L.Ed.2d 196 (1995). Accordingly,

IT IS ORDERED:

(1) that defendants' motion for summary judgment is denied as to Counts I and III of the Complaint and defendant's motion is granted as to Count II of the Complaint. (Doc. 8.)

(2) that plaintiff's motion for summary judgment is granted as to Counts I and III of the Complaint and plaintiff's motion is denied as to Count II of the Complaint. (Doc. 13.)

(3) that plaintiff is entitled to a declaratory judgment on Count I of the Complaint that South Dakota Codified Laws Ann. §§ 31–8–16, 31–29–83, and 31–32–13 are facially unconstitutional as overbroad because they prohibit the First Amendment protected activity of newspaper distribution at interstate rest areas in South Dakota.

(4) that plaintiff is entitled, alternatively, to a declaratory judgment on Count I of the Complaint that South Dakota Codified Laws Ann. §§ 31–8–16, 31–29–83, and 31–32–13 are unconstitutional as applied because the statutes' ban on all commercial activity at interstate rest areas unreasonably interferes with the constitutionally protected activity of newspaper distribution.

(5) that defendants Richard L. Howard and Jeff Holden, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them are permanently enjoined as long as the existing statutes, South Dakota Codified Laws Ann. §§ 31–8–16, 31–29–83, and 31–32–13, remain as the authority relied upon by defendants for removing plaintiff Harlan L. Jacobsen's newspaper vending machines from interstate highway rest areas within South Dakota.

(6) that costs will be awarded in favor of plaintiff in an amount to be determined and hereinafter inserted in the Judgment by the Clerk.

## JUDGMENT

In accordance with the Memorandum Opinion and Order filed this date with the Clerk,

IT IS ORDERED, ADJUDGED, and DECREED that judgment is entered in favor of plaintiff Harlan L. Jacobsen and against defendants Richard L. Howard and Jeff Holden on Counts I and III of the Complaint.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that judgment is entered in favor of defendants Richard L. Howard and Jeff Holden and against plaintiff Harlan L. Jacobsen on Count II of the Complaint.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiff Harlan L. Jacobsen is entitled to a declaratory judgment on Count I of the Complaint that South Dakota Codified Laws Ann. §§ 31–8–16, 31–29–83, and 31–32–13 are facially unconstitutional as overbroad because they prohibit the First Amendment protected activity of newspaper distribution at interstate rest areas in South Dakota.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiff Harlan L. Jacobsen is entitled, alternatively, to a declaratory judgment on Count I of the Complaint that South Dakota Codified Laws Ann. §§ 31–8–16, 31–29–83, and 31–32–13 are unconstitutional as applied because the statutes' ban on all commercial activity at interstate rest areas unreasonably interferes with the constitutionally protected activity of newspaper distribution.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that defendants Richard L. Howard and Jeff Holden, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them are permanently enjoined as long as the existing statutes, South Dakota Codified Laws Ann. §§ 31–8–16, 31–29–83, and 31–32–13, remain as the authority relied upon by defendants for removing plaintiff Harlan L. Jacobsen's newspaper vending machines from interstate highway rest areas within South Dakota.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that costs are awarded in favor of plaintiff in the amount of _____, to be hereinafter taxed and inserted by the Clerk.